McDANIEL *vs.* DOUGHERTY.

[PROMISSORY NOTE—ENDORSER.]

1. *Section 1543 of the Code, not a statute of limitation, or non-claim.*—The second section of the ordinance of the convention, adopted 21st September, 1865, which excludes from the computation of time necessary to complete the bar of the statute of limitations and non-claim, a certain period, has no application to the law prescribing the term of the court to which an endorsee is required to sue the maker, in order to hold the endorser liable. This latter law is neither a statute of limitation or non-claim.

APPEAL from the Circuit Court of Lawrence.
Tried before Hon. W. B. WOODS.

THIS action was brought by the appellee against the appellant; was commenced on the 3d February, 1866, and was founded on a promissory note made by E. W. Parker, payable to the defendant on the fourth Monday in March, 1861. This note was endorsed in blank by the defendant to the plaintiff, in the month of July, 1861. The maker of the note resided at Decatur, Ala., until after the March term, 1864, of the circuit court of Lawrence county, when he removed from the State. The court charged the jury, "that § 1543 of the Code is in effect a statute of limitation, and as such comes within the ordinance of the convention suspending the statute of limitations, passed September 21, 1865, and therefore the plaintiff was not bound to bring his suit at the first term after the assignment of

McDaniel v. Dougherty.

said note, to-wit: at the fall term of the court, 1861, and that the bringing of the suit at the first term of the court after the passage of the ordinance of the convention, was sufficient to charge the endorser." To this charge the defendant excepted. He appealed to this court, and assigned the charge as error.

R. O. PICKETT, for appellant.
W. P. CHITTWOOD, *contra.*

A. J. WALKER, C. J.—The second section of the ordinance of the convention adopted 21st September, 1865, (Revised Code, p. 53,) excludes from the computation of time requisite to complete the bar of the statute of limitations and non-claim, a specified period. This has no application to the law prescribing the term of the court to which an endorsee is required to sue the maker in order to hold the endorser liable. This latter law is neither a statute of limitation or non-claim. The court erred in the charge given.

Reversed and remanded.